ORDER

DWIGHT W. BIRDWELL, Chief Justice.
Plaintiff (“Dry”) describes two different and separate causes of action in his lawsuit, both of which involve some common issues of fact. It is not uncommon in litigation to find the same facts supporting-different, perhaps even opposite, legal theories under which a party may seek relief.
*21 Not being taken from American common law, the basis for Dry’s first cause of action, for job reinstatement, is derived solely from Article XII of the Cherokee Constitution. It is well-settled that the Judicial Appeals Tribunal, and not the District Court, has sole and exclusive jurisdiction over Article XII claims. As a prerequisite to recovery on a reinstatement claim, it must be shown that the employee was employed for at least one (1) year. The “one year rale” is jurisdictional.
It is not disputed that Mr. Dry was not employed for at least one (1) year.
Mr. Dry’s second cause of action concerns a claim of defamation/civil rights violation. The one year rule is inapplicable to such claim. On this claim Mr. Dry seeks (1) damages, (2) declaratory relief and (3) costs of the lawsuit. Mr. Dry has stated sufficient facts to support a prima facie cause (1) of action for defamation/civil rights violation. Whether or not he can prove sufficient facts to obtain monetary and/or declaratory relief with this cause of action is another matter. Defendant has raised significant defenses pertaining to the defamation/civil rights violation claim. Whether or not the Defendant can prevail with its defenses is another matter.
Proceedings regarding the defamation/civil rights violation cause of action should be adjudicated in the District Court of the Cherokee nation.
IT IS THEREFORE ORDERED:
1. Regarding the job reinstatement cause of action, the Defendant’s Motion to Dismiss is GRANTED.
2. Regarding the remaining defamation/civil rights violation cause of action, this case is hereby transferred to Judge Wilcoxen in the District Court of the Cherokee nation for further proceedings. Therefore, this lawsuit is struck from the docket of the Judicial Appeals Tribunal, and all scheduling and other directives will be made by, and come from, Judge Wilcoxen.
3. To expedite the handling of the remaining case, the parties need only to supplement, if at all, their pleadings and related filings in this ease as may be directed and/or requested by Judge Wilcoxen.
4. The Court Clerk of the Cherokee Nation, and/or the Deputy Court Clerk, are directed to assist Judge Wilcoxen as he may request with the transfer, and the management of the case thereafter.
5. The Court Clerk of the Cherokee nation, or the Deputy Court Clerk, is to send, by mail and/or fax, a copy of this Order to Judge Wilcoxen, the lawyers for the parties, Justice Viles and Justice Keen.